UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC JASON SPEARS, | ) |
|       Petitioner, | ) |
| v. | )   Case No. 19-CV-0405-CVE-FHM |
| SCOTT CROW, | ) |
|       Respondent. | ) |

## OPINION AND ORDER

Petitioner Eric Spears, a state inmate appearing pro se,[1] commenced this action on July 19, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus.[2] He seeks federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2012-4542. Respondent moves to dismiss the petition as time-barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Following review of the petition (Dkt. # 1), respondent's motion (Dkt. # 8) and brief in support (Dkt. # 9), petitioner's response (Dkt. # 10), records from state court proceedings provided by both parties, and applicable law, the Court concludes that respondent's motion shall be granted and that the habeas petition shall be dismissed, with prejudice, as time-barred.

---

[1]  Because petitioner appears pro se, the Court liberally construes his pleadings. Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009).

[2]  The Clerk of Court received the habeas petition on July 23, 2019. Dkt. # 1, at 1. But petitioner declares, under penalty of perjury, that he placed the petition in the prison's legal mailing system, with postage prepaid, on July 19, 2019. Id. at 27, 29. The Court thus deems the petition filed on July 19, 2019. See Marsh v. Soares, 223 F.3d 1217, 1218 & n.1 (10th Cir. 2000) (applying prison mailbox rule in habeas case); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (stating conditions for application of prison mailbox rule).

**I.**

Petitioner is currently serving a sentence of life without the possibility of parole following his conviction, in the District Court of Tulsa County, Case No. CF-2012-4542, for first-degree murder. Dkt. # 1, at 1.[3] The jury returned its guilty verdict in December 2013, and the trial court sentenced petitioner on February 10, 2014. Dkt. #2, at 2. Represented by counsel, petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Dkt. # 1, at 2, 25. The OCCA affirmed petitioner's conviction and sentence in an unpublished summary opinion filed May 20, 2015, in Case No. F-2014-154. Dkt. # 9-2. Petitioner filed a petition for rehearing on June 2, 2015, and the OCCA denied the petition on August 13, 2015. Dkt. # 9-3; Dkt. # 9-16, at 4. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 3.

On January 7, 2015, and March 10, 2015, while his direct appeal in the OCCA was pending, petitioner filed motions in the District Court of Tulsa County (TCDC), asking the trial court to modify his sentence. Dkt. # 10, at 6. The court denied both motions on April 15, 2015. Id. On June 5, 2015, while his petition for rehearing in the OCCA was pending, petitioner filed a motion for suspended sentence in the TCDC, pursuant to OKLA. STAT. tit. 22, § 994. Dkt. # 9-15; Dkt. # 10-1, at 134. This motion is still pending. Dkt. # 9, at 13.[4]

---

[3] For consistency, the Court's record citations refer to the CM/ECF header pagination.

[4] Respondent states that the TCDC never ruled on this motion, and petitioner states that the TCDC denied it. Dkt. # 9, at 13; Dkt. # 10, at 6. The public docket sheet in petitioner's state criminal case supports respondent's position that the TCDC did not rule on the motion. See State v. Spears, No. CF-2012-4542, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2012-4542&cmid=2564481, last visited July 1, 2020.

After the OCCA denied petitioner's petition for rehearing, petitioner sought postconviction relief in the TCDC. On January 13, 2016, he filed a "motion for 24 month judicial review," pursuant to OKLA. STAT. tit. 22, § 982a. Dkt. # 9-17. The TCDC denied the motion on January 20, 2016.[5] Petitioner filed a petition for writ of habeas corpus on March 8, 2016, and the TCDC denied the motion on March 15, 2016. Dkt. ## 9-4, 9-5.

Petitioner filed a motion to vacate an illegal sentence on March 21, 2016. Dkt .# 9-9, at 1; Dkt. # 10, at 7. On April 1, 2016, he filed an application for postconviction relief. Dkt. # 9-6. Petitioner filed a second application for postconviction relief on May 12, 2016. Dkt. # 9-14. In an order filed August 9, 2017, the TCDC construed petitioner's motion to vacate an illegal sentence and his two applications for postconviction relief as one complete application and denied relief. Dkt. # 9-9. Petitioner filed a postconviction appeal in the OCCA and, on September 5, 2017, filed his petition in error. Dkt. # 9-10; Dkt. # 10-1, at 70. In an order filed September 26, 2017, in Case No. PC-2017-0910, the OCCA declined to exercise jurisdiction over the postconviction appeal and dismissed it, finding that petitioner failed to attach to his petition in error a certified copy of the TCDC's order, as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2017). Dkt. # 9-10, at 3.

On December 18, 2017, petitioner filed a third application for postconviction relief, seeking a postconviction appeal out of time. Dkt. # 9-11. The TCDC denied the application on April 25, 2018, Dkt. # 9-12, and the OCCA affirmed the denial on November 7, 2018, Dkt. # 9-13.

---

5   The date of the TCDC's order is not clear from the record, but the public docket sheet in petitioner's state criminal case reflects that the TCDC denied the motion on January 20, 2016. See State v. Spears, No. CF-2012-4542, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2012-4542&cmid=2564481, last visited July 1, 2020.

While petitioner was seeking postconviction relief in the TCDC, he also sought relief in the District Court of Payne County (PCDC), the county where he was incarcerated. On April 6, 2016, he filed a petition for writ of habeas corpus, a "motion to accept jurisdiction to request leave for writ of habeas corpus; Payne County is the proper venue for petitioner's request," a "request leave to file motion to vacate illegal sentence application to vacate judgment and sentence," and a "motion for an evidentiary hearing finding of facts and conclusions of law." Dkt. # 9-7; Dkt. # 10-1, at 39-41. The PCDC dismissed the state habeas petition and related motions on May 3, 2016. Dkt. # 9-8.

Petitioner filed the instant federal habeas petition on July 19, 2019. Dkt. # 1, at 27, 29. In response to the petition, respondent filed a motion to dismiss (Dkt. # 8) and brief in support (Dkt. # 9), arguing that petitioner failed to comply with the applicable statute of limitations. Petitioner filed a response (Dkt. # 10), urging this Court to deny the dismissal motion.

**II.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for federal habeas corpus petitions filed by state prisoners pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The one-year limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of which provision governs the commencement date, the one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). An application for postconviction relief or other collateral review is "properly filed," for purposes of statutory tolling, "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). And the application for postconviction relief or other collateral review has a tolling effect only if it is filed within the one-year limitation period. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). However, because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in certain circumstances, toll the limitation period for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), and may excuse non-compliance with the statute of limitations if the prisoner makes "a credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

### III.

Respondent contends that the habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A), even with the benefit of statutory tolling, that petitioner has not demonstrated that his one-year limitation period commenced at a later date under any other provision of § 2244(d)(1), and that petitioner has not shown that his circumstances warrant equitable tolling. Dkt. # 9. The Court agrees.

**A.     The petition is untimely under § 2244(d)(1)(A).**

   **1.     Petitioner's state-court judgment became final on November 11, 2015.**

Respondent and petitioner agree that petitioner's state-court judgment became final, for purposes of § 2244(d)(1)(A), on November 11, 2015. Dkt. # 9, at 7, 9; Dkt. # 10, at 6. The record supports this view. Petitioner had 90 days from August 13, 2015, the date the OCCA denied his petition for rehearing, to file a petition for writ of certiorari in the United States Supreme Court. See Sup. Ct. R. 13.1 (providing 90-day period for filing petition for writ of certiorari in United States Supreme Court); Sup. Ct. R. 13.3 (providing that 90-day period for filing petition for writ of certiorari in United States Supreme Court commences "from the date of the denial of rehearing" if a petition for rehearing in the lower court is timely filed). Applying § 2244(d)(1)(A), Petitioner's judgment was thus final on November 11, 2015, his one-year limitation period commenced on November 12, 2015, and, absent any statutory tolling events, would have expired on November 12, 2016. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing method for calculating AEDPA's one-year limitation period).

   **2.     Statutory tolling does not render the petition timely filed.**

Petitioner and respondent agree, for the most part, that petitioner is entitled to two periods of statutory tolling: (1) from April 1, 2016, when petitioner filed his first application for postconviction relief in the TCDC, to September 8, 2017, when the time expired to perfect an appeal from the denial of that application, and (2) from December 18, 2017, when petitioner filed his third application for postconviction relief in the TCDC, seeking a postconviction appeal out of time, to November 7, 2018, when the OCCA affirmed the denial of that application. Dkt. # 9, at 10-16; Dkt.

# 10, at 9-11.[6] With the benefit of statutory tolling for these two periods, petitioner's one-year limitation period expired on March 11, 2019.[7] Petitioner did not file his federal habeas petition until July 19, 2019, which was 130 days too late.

Petitioner appears to contend that if § 2244(d)(1)(A) applies, his petition is timely because he is entitled to statutory tolling during the time several other motions were pending in state court. Dkt. # 1, at 25-26; Dkt. # 10, at 6-11. He specifically contends that he is entitled to statutory tolling for the time during which the following motions and applications for postconviction relief were pending in state court: (1) the motion for sentencing modification, filed January 7, 2015; (2) the motion for sentencing modification, filed March 10, 2015; (3) the motion for suspended sentence, filed June 5, 2015; (4) the motion for judicial review, filed January 13, 2016; (5) the state habeas

---

[6]  As previously discussed, petitioner filed a timely notice of appeal and a petition in error after the TCDC denied his first application for postconviction relief. See supra p.3. But the OCCA dismissed his appeal on September 26, 2017, because he failed to comply with the OCCA's procedural rules. Id. Petitioner appears to argue that he is entitled to statutory tolling for the additional 18 days between September 8, 2017, and September 26, 2017. Dkt. # 10, at 10-11. He is not. As respondent contends, because petitioner failed to comply with the OCCA's procedural rules for perfecting a postconviction appeal, the appeal was not "properly filed" for purposes of § 2244(d)(2). Dkt. # 9, at 10-11; Artuz, 531 U.S. at 8. Thus, petitioner is entitled to statutory tolling only for the 30 days following the denial of his application for postconviction relief. See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that "regardless of whether a petitioner actually appeals the denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law" (emphasis in original)).

[7]  The one-year limitation period commenced on November 12, 2015, and ran for 141 days until petitioner filed his first application for postconviction relief on April 1, 2016. The time began to run again on September 9, 2017, the day after the time expired for petitioner to perfect a postconviction appeal, and ran for 100 days until petitioner filed his third application for postconviction relief on December 18, 2017. The time began to run again on November 8, 2018, the day after the OCCA affirmed the denial of his third application. At that point, petitioner had 124 days remaining, or until March 11, 2019, to file a timely federal habeas petition.

7

petition, filed March 8, 2016; (6) the motion to vacate an illegal sentence, filed March 21, 2016; (7) the state habeas petition, filed April 6, 2016; and (8) the second application for postconviction relief, filed May 12, 2016. Dkt. # 10, at 8-11. Respondent argues that several of these did not toll the time because they were not properly filed. Dkt. # 9, at 10 n.3, 11-16. For several reasons, the Court finds that these particular motions and applications did not toll the one-year limitation period.

First, under § 2244(d)(1)(A), petitioner's one-year limitation period did not commence until November 12, 2015. As a result, the two motions for sentencing modification, filed January 7, 2015, and March 10, 2015, and denied on April 15, 2015, had no tolling effect because they were neither filed nor pending within petitioner's one-year limitation period. See Clark, 468 F.3d at 714.

Second, petitioner's motion for suspended sentence, which was filed June 5, 2015, and remains pending in the TCDC, had no tolling effect because it was not properly filed. Petitioner's motion sought relief under OKLA. STAT. tit. 22, § 994 which provides:

> After appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence as otherwise provided by law. Jurisdiction for such suspension shall be vested in said trial court by a request by the defendant within ten (10) days of the final order of the Court of Criminal Appeals. Any order granting or denying suspension made under the provision of this section is a nonappealable order.

Here, the OCCA affirmed petitioner's conviction on May 20, 2015, and ordered he mandate "issued upon delivery and filing of th[e] decision." Dkt. # 9-3, at 6; see Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019) (providing that mandate may issue "[a]fter the expiration of twenty (20) days from the filing of a decision in any appeal" or the OCCA may "direct[] issuance of the mandate forthwith upon the filing of the decision with" the Clerk of Court for the OCCA). Petitioner filed a petition for rehearing on June 2, 2015, within the applicable 20-

day period. Dkt. # 9-16, at 4; see Rule 3.14(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019). Three days later, on June 5, 2015, petitioner filed the § 994 motion for a suspended sentence. Dkt. # 9-15. The OCCA denied the petition for rehearing on August 15, 2015, and stated in its order that "the mandate issued will remain in effect." Dkt. # 9-3. As respondent contends, regardless of whether the OCCA's decision became final on May 20, 2015, or on August 15, 2015, petitioner did not file his motion "within ten (10) days of the final order," as required by OKLA. STAT. tit. 22, § 994. This motion therefore had no tolling effect.

Third, even assuming petitioner's remaining motions for collateral review and his second application for postconviction relief—filed January 13, 2016, March 8, 2016, March 21, 2016, April 6, 2016, and May 12, 2016—were properly filed, and thus tolled the one-year limitation period, his petition would still be untimely under § 2244(d)(1)(A). As previously stated, petitioner missed his AEDPA deadline by 130 days. The motion for judicial review that he filed on January 13, 2016, was denied on January 20, 2016, and thus pending for eight days. The state habeas petition that he filed on March 8, 2016, was denied on March 15, 2016, and thus also pending for eight days. The motion to vacate an illegal sentence that he filed on March 21, 2016, was pending for 11 days before petitioner tolled the one-year limitation period on April 1, 1016, by filing his first application for postconviction relief. The TCDC denied the motion to vacate an illegal sentence, the first application, and the second application in the same order on August 9, 2017. Dkt. # 9-9. As a result, the remaining time that the motion to vacate an illegal sentence, filed March 21, 2016, was pending, as well as time that the state habeas petition filed on April 6, 2016, and the second application for postconviction relief filed on May 12, 2016, were pending, is included within the tolling period between April 1, 2016 and September 8, 2017. In sum, even giving petitioner the benefit of statutory

9

tolling for the remaining motions for collateral review and his second application for postconviction relief, this provides petitioner with only 27 additional days of statutory tolling. This means that he missed his AEDPA deadline by over 103 days rather than 130 days, but the petition remains untimely under § 2244(d)(1)(A).

Thus, unless petitioner can demonstrate that the one-year limitation period commenced at a later date under other provisions of § 2244(d)(1), or that he is entitled to equitable tolling, the petition must be dismissed as time-barred.

**B.     Petitioner's one-year limitation period did not commence at a later date.**

Petitioner contends that his one-year limitation period commenced at a later date under either § 2244(d)(1)(B) or (d)(1)(D). Dkt. # 10, at 5-11, 13-14. Neither provision applies.

**1.     § 2244(d)(1)(B) does not apply**.

Petitioner primarily argues that his petition is timely under § 2244(d)(1)(B). Section 2244(d)(1)(B) provides that the one-year limitation period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Even with the benefit of liberal construction, petitioner's arguments in favor of applying § 2244(d)(1)(B) are not entirely clear and, in some instances, seem to blend with his arguments in support of equitable tolling. Dkt. # 1, at 25-26; Dkt. # 10, at 5-13. Petitioner appears to allege that he was denied access to the courts, that he was denied access to a law library, and that his facility's policies and procedures relevant to law library access interfered with his "legal work." Dkt. # 1, at 26; Dkt. # 10, at 8, 12-13; Dkt. # 10-1, at 144-45. More specifically, he alleges that the Cimarron Correctional Facility (CCF) (1) does "not accept" that the AEDPA's one-year limitation period

should be treated as a court-ordered deadline, (2) limits law library access to six hours per week, (3) further limits law library access for "STG Groups," (4) does not have a law library on compound two, (5) requires inmates to store legal work on flash drives, (6) and requires inmates to fill out a form in the law library to send legal mail. Dkt. # 1, at 26; Dkt. # 10, at 12-13. Petitioner further alleges that, one day, he tried to print his federal habeas petition at the law library, but the "STG s/o escorted [him] back to [his] unit." Dkt. # 10, at 12. Also, he was placed in ISU on April 11, 2019, and was not permitted access to his legal work until July 10, 2019. Id.

Without question, prisoners have a constitutional "right of *access to the courts*." Lewis v. Casey, 518 U.S. 343, 350 (1996) (emphasis in original). But this right does not encompass "an abstract, freestanding right to a law library or legal assistance." Id. at 351. And "the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." Id. at 360. A prisoner alleging a constitutional deprivation based on the denial of access to legal resources must therefore "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. Likewise, a prisoner seeking application of § 2244(d)(1)(B) on grounds that he was denied access to adequate legal resources must provide specific details demonstrating that the alleged denial of access "prevented" the prisoner from timely filing a federal habeas petition. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (noting that petitioner "provided no specificity regarding the alleged lack of access [to federal statutes, state case law and AEDPA materials] and the steps he took to diligently pursue his federal claims" and concluding that "[i]t is not enough to say that the [prison] lacked all relevant statues and case law or that the

procedure to request specific materials was inadequate"); see also Garcia v. Hatch, 343 F. App'x 316, 318-19 (10th Cir. 2009) (unpublished)[8] (reiterating that petitioner invoking § 2244(d)(1)(B) must provide specific facts to demonstrate how allegedly inadequate legal resources rendered him "incapable of filing a timely habeas petition").

On the record presented, neither petitioner's general complaints about the law library nor his more specific complaints regarding his lack of access to the law library and his legal work show that the State unlawfully erected an impediment that prevented petitioner from filing a timely federal habeas petition. In this proceeding, petitioner seeks federal habeas relief on the following grounds: (1) the State's evidence failed to disprove self-defense, in violation of petitioner's right to due process, (2) defense counsel provided ineffective assistance, in violation of petitioner's "right to a fair trial under the Sixth and Fourteenth Amendments," (3) the trial court abused its discretion, and violated petitioner's right to due process, by admitting irrelevant and inadmissible evidence, (4) prosecutorial misconduct deprived petitioner of his rights to due process and a fair trial, in violation of the Fifth, Sixth and Fourteenth Amendments, (5) instructional error violated petitioner's rights to due process and a fair trial, (6) petitioner was denied effective assistance of appellate counsel (grounds six and eight), (7) the trial court lacked subject-matter jurisdiction, (8) the State failed to prove an essential element of the crime charged, in violation of petitioner's right to due process, and (9) the cumulative effect of trial errors deprived petitioner of his rights to due process and a fair trial. Dkt. # 1, at 5-22.

---

[8]  This decision is not precedential, but is cited for its persuasive value. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

The record shows that petitioner raised seven of these claims on direct appeal, Dkt. # 9-2, at 1-2, two in his second application for postconviction relief, filed May 12, 2016, Dkt. # 9-14, at 1-4, and one in the state habeas petitions, filed March 8, 2016, and April 6, 2016, Dkt. ## 9-4, 9-7. The record further shows that, following his direct appeal, petitioner litigated his claims without counsel by regularly submitting legal filings in state court. See e.g., Dkt. # 10, at 6-8 (outlining state court filings); Dkt. # 10-1, at 12-14, 67 (petitioner's legal mail log showing outgoing legal mail between August 2017 and October 2017). And his pro se filings demonstrate that petitioner, while incarcerated at the CCF, had access to, and cited in his pleadings, various state procedural rules and cases relevant to his claims and his pursuit of state postconviction remedies. See e.g., Dkt. # 9-14 (petitioner's second application for postconviction relief and supporting brief, filed May 12, 2016); Dkt. # 10-1, at 64-66 (petitioner's third application for postconviction relief, filed December 18, 2017); id. at 70-71 (portion of petitioner's petition-in-error, filed September 5, 2017). Finally, even accepting as true that petitioner lacked access to his legal work from April 11, 2019, to July 10, 2019, while he was placed in the ISU, his AEDPA deadline expired in March 2019, before he was placed in the ISU. The alleged lack of access during this specific time period therefore did not render him incapable of filing a timely petition.

In short, § 2244(d)(1)(B) does not apply because the record belies petitioner's assertion that any unconstitutional actions on the part of the State prevented him from filing a timely federal habeas petition.

### 2.    § 2244(d)(1)(D) does not apply.

Petitioner also suggests that his petition is timely under § 2244(d)(1)(D). Dkt. # 10, at 14-15. Section 2244(d)(1)(D) provides that the one-year limitation period commences on "the date on

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner asserts that because he lacks "legal expertise" he could not discover the facts relevant to his federal habeas claims. Dkt. # 10, at 14. He also asserts that he could not discover facts relevant to his claims because (1) while he was held in Tulsa County he had no way "to learn about procedure of law or claims" as he was housed in a "maximum security unit" and (2) "during [his] appeal process [he] was at Oklahoma State Prison which had no law library or any access to learn anything about claim or procedures" as he was on "24 hr. lockdown maximum security." Id. Because these circumstances were out of his control, petitioner urges the Court to find his petition timely under § 2244(d)(1)(D). Id. at 14-15.

Petitioner's arguments in support of applying § 2244(d)(1)(D) rest on a misunderstanding of that provision. Under § 2244(d)(1)(D), the one-year limitation period commences when a habeas petitioner could have, with reasonable diligence, discovered the *underlying facts* that support his habeas claims, not when the petitioner could have, with more time and access to better legal resources, discovered the *legal significance* of those facts. Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). As discussed, eight of petitioner's habeas claims assert constitutional violations arising from errors that allegedly occurred during his 2013 trial and two assert that he was deprived of effective assistance of counsel on direct appeal. Dkt. # 1, at 5-22. As respondent argues, "the factual predicate[s] for all of [the trial-based claims were] discoverable at or before the time of trial," and "all of the factual predicates for [p]etitioner's ineffective assistance of appellate counsel claims were known to or could have been discovered by [p]etitioner . . . at the very latest, when the OCCA

14

issued its Summary Opinion on May 20, 2015." Dkt. # 9, at 16-18. Consequently, the Court finds that § 2244(d)(1)(D) does not apply.

C.    **Petitioner's circumstances do not warrant equitable tolling or an equitable exception**.

Finally, petitioner asserts that he "is entitled to equitable tolling due to uncontrollable circumstances and [a]ctual [i]nnocence." Dkt. # 10, at 11. The Court is not persuaded that petitioner's circumstances support equitable tolling of the one-year period or application of an equitable exception to the statute of limitations based on his assertion of actual innocence.

1.    **No extraordinary circumstances stood in petitioner's way.**

As petitioner acknowledges, see Dkt. # 10, at 12, to obtain equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). This is a "strong burden," requiring petitioner to cite "specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner alleges that he "has demonstrated due diligence in filing all court proceedings . . . to [the] best of his ability despite "all circumstances rising against him." Dkt. # 1, at 26. He further alleges that he "has faced external circumstances that hindered him in exhausting his state remedies for relief to prove his innocence." Dkt. # 10, at 1. In addition to his general and specific complaints about the law library, see supra, at 10-11, petitioner alleges that the CCF experiences an "extensive amount of frivolous lockdowns," and he describes himself as "a layman of law proceeding Pro Se due to being indigent[]." Dkt. # 1, at 26; Dkt. # 10, at 12-13.

Petitioner's reliance on alleged deficiencies in the law library and alleged limitations on his access to the law library fail to support his claim for equitable tolling largely for the same reason that § 2244(d)(1)(B) does not apply. The record refutes his claim that these circumstances, if they exist, prevented him from filing a timely federal habeas petition. This is true regardless of how diligently petitioner pursued his claims. See Menominee Indian Tribe of Wisc. v. United States, 136 S. Ct. 750, 755 (2016) ("Under Holland, a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (quoting Holland, 560 U.S. at 649)). And petitioner's additional circumstances, namely, his pro se status, his lack of legal knowledge, and his alleged exposure to "frivolous lockdowns" during unspecified periods of time are fairly ordinary circumstances for those who are incarcerated and thus do not warrant equitable tolling. See Parker v. Jones, 260 F. App'x 81, 85 (10th Cir. 2008) (unpublished)[9] (concluding that habeas petitioner failed to support his request for equitable tolling when he described two specific periods of lockdown and one lockdown for "an unspecified period of time" but "offered no specifics regarding his alleged access to legal materials or assistance"); Marsh, 223 F.3d at 1220 (10th Cir. 2000) (stating that "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999))).

---

9   The Court cites this unpublished decision for its persuasive value. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

Even assuming petitioner was sufficiently diligent in pursuing his federal habeas claims, he is not entitled to equitable tolling of the one-year limitation period because he fails to demonstrate that extraordinary circumstances prevented him from filing a timely federal habeas petition.

### 2. Petitioner's assertion of "actual innocence" is not credible.

Petitioner also alleges that evidence presented at trial supports his "actual innocence." Dkt. # 10, at 13. He specifically points to trial testimony indicating that the victim attacked him from behind and that petitioner "was in fear for his life" and acted in self-defense. Id.

A habeas petitioner can overcome AEDPA's one-year limitations period by asserting a tenable claim of "actual innocence." Perkins, 569 U.S. at 392; see also Doe v. Jones, 762 F.3d 1174, 1182 (10th Cir. 2014) (noting that Perkins held "that a 'credible showing of actual innocence' provides an outright equitable *exception* to AEDPA's statute of limitations" (emphasis in original) (quoting Perkins, 569 U.S. at 392)). But petitioner cannot rely on this exception here because "actual innocence" refers to factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000). Petitioner's assertion that he acted in self-defense may support his legal innocence, but it does not speak to his factual innocence. See id. (noting that defenses based on intoxication and self defense speak to legal innocence, not factual innocence). Because petitioner's "actual innocence" claim is not credible, Perkins' equitable exception does not apply.

### IV.

The petition for writ of habeas corpus is untimely under § 2244(d)(1)(A), and petitioner has not shown that his one-year limitation period commenced at a later date under either § 2244(d)(1)(B) or (d)(1)(D). Further, petitioner has not shown that his circumstances support equitable tolling of the one-year limitation period or application of Perkins' equitable exception to the statute of

limitations. The Court therefore concludes that respondent's motion to dismiss shall be granted and that the habeas petition shall be dismissed with prejudice as time-barred.

## V.

Because the Court concludes that the petition shall be dismissed on procedural grounds, it must consider whether to issue or deny a certificate of appealability. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition on procedural grounds, the petitioner must demonstrate both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court finds that reasonable jurists would not debate the correctness of the Court's determination that the petition should be dismissed as time-barred, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as time-barred.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 2nd day of July, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE